UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

ELGIN ANDERSON COOK,
          *Defendant-Appellant.*

No. 01-5009

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Henry C. Morgan, Jr, District Judge.
(CR-01-72)

Submitted: June 6, 2002

Decided: July 11, 2002

Before WILKINS, WILLIAMS, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

David M. Tichanski, Hampton, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Lisa R. McKeel, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Elgin Anderson Cook was convicted of possession with intent to distribute cocaine, in violation of 21 U.S.C.A. § 841(b)(1)(B), and was sentenced to 66 months imprisonment. On appeal, Cook claims: (1) the district court erred by denying his motion to suppress cocaine found in the vehicle Cook was driving at the time of his arrest; (2) the district court erred by refusing to accept Cook's instruction regarding the possession element of the crime; and (3) the evidence at trial was insufficient to support the conviction. Finding no reversible error, we affirm.

We review the district court's legal conclusions made in the course of a suppression hearing de novo, but we review the underlying factual findings for clear error. *See United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998). The evidence is reviewed in the light most favorable to the Government, as the prevailing party below. *Id.* In *Colorado v. Bertine*, 479 U.S. 367 (1987), the Supreme Court held that an officer is entitled to open closed containers while conducting a routine inventory search of an impounded vehicle, providing:

> Even if less intrusive means existed of protecting some particular types of property, it would be unreasonable to expect police officers in the everyday course of business to make fine and subtle distinctions in deciding which containers or items may be searched and which must be sealed as a unit. When a legitimate search is under way, and when its purpose and its limits have been precisely defined, nice distinctions between closets, drawers, and containers, in the case of a home, or between glove compartments, upholstered seats, trunks, and wrapped packages, in the case of a vehicle, must give way to the interest in the prompt and efficient completion of the task at hand.

*Id.* at 375 (internal citations and quotation marks omitted); *see also United States v. Brown*, 787 F.2d 929, 931-32 (4th Cir. 1986) (holding that defendant's vehicle lawfully was impounded following his arrest for driving under the influence of alcohol and ensuing inventory

search was valid under the Fourth Amendment). Accordingly, the district court did not err in denying Cook's motion to suppress the cocaine because the officer discovered the cocaine during an inventory search of the vehicle, in accordance with the relevant Virginia regulations.

Additionally, the district court did not abuse its discretion in declining to use Cook's proffered jury instruction. *See United States v. Patterson*, 150 F.3d 382, 389 (4th Cir. 1998) (stating standard of review); *United States v. Lewis*, 53 F.3d 29, 32-33 (4th Cir. 1995) (establishing relevant test to determine whether trial court erred in denying instruction).

Finally, the evidence adduced at trial was sufficient to support Cook's conviction for possession with intent to distribute cocaine. *See Glasser v. United States*, 315 U.S. 60, 80 (1942) (providing standard of review); *United States v. Burgos*, 94 F.3d 849, 873 (4th Cir. 1996) (discussing elements of possession with intent to distribute a controlled substance).

Accordingly, we affirm Cook's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*